## MARION C. POSTON vs. THE STATE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Accessory—Indictment—Proof—Charge of the Court.*—The guilt of an accessory depending upon that of the principal, if there is a reasonable doubt of the guilt of the principal, the accessory must be acquitted. An indictment for this offense must charge the facts that show the guilt of the principal, and then the *scienter* of the accessory and the acts which constituted his guilt. The proof must show the principal guilty, as charged.

The court must charge upon reasonable doubt as to the guilt of the principal.

Appeal from Trinity county.—Opinion, by Hurt, J.—The appellant, Poston, was convicted as an accessory to an assault with intent to murder, charged to have been made by one James Lewis, found guilty, and his punishment assessed at confinement in the penitentiary for a term of ten years.

An indictment for this offense must charge that Lewis did make the assault with intent to murder, and that the defendant, the accessory, knowing that the offense had been committed, concealed or gave the offender any aid by which he avoided arrest or trial.

This indictment in proper form charged that Lewis made the assault, and that defendant knowing this, concealed and aided him in preventing or avoiding arrest.

These allegations were absolutely necessary to the sufficiency of the indictment.

Being necessary, the State was bound to prove them as charged. The first proposition was the guilt of Lewis. The second, that the defendant, having knowledge of his guilt, concealed and aided him in preventing or avoiding arrest.

That Lewis was guilty of an assault to murder was a fact to be proven by the State. The guilt of Lewis, therefore, must be established to the same degree of certainty as if he were on trial, the guilt of the accessory depending upon that of the principal. Hence the court must charge the law as fully in regard to the offense charged against Lewis as if he had been on trial.

And as the punishment of the accessory is governed by that affixed to the crime committed by the principal (being the lowest penalty to which the principal is liable), if there be lesser offenses contained in the one charged, and the evidence requires it, a charge upon these degrees must be given.

Was the charge in this case, relating to the offense alleged against Lewis, such as the law requires? We are of the opinion that it was not.

If the jury had entertained a reasonable doubt of the guilt of Lewis they should have acquitted Poston. It was, therefore, a part of the law applicable to this case, and the court should have instructed the jury that if they had such doubt they should acquit the defendant Poston. For, although the defendant Poston may have concealed or aided Lewis with a view to prevent an arrest, still, if Lewis was not guilty of the assault to murder, Poston did not violate any law of this State.

The guilt of Poston depending upon that of Lewis, a doubt of Lewis' guilt would be a doubt of the guilt of Poston. For if there be a doubt of the existence of a fact upon which another fact depends, the existence of the latter must be doubted.

For the reason above indicated, the judgment is reversed and cause remanded.